# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0191V
UNPUBLISHED

| | |
|---|---|
| ROBIN WABBE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 23, 2023<br><br>Special Processing Unit (SPU);<br>Petitioner's Motion for a Decision<br>Dismissing the Petition; Statutory<br>Six-Month Requirement; Insufficient<br>Evidence; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 7, 2021, Robin Wabbe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on January 23, 2020.[3] Petition at 1. In particular, she contended that her SIRVA injury "lasted for more than six (6) months." *Id.*; *see also* Amended Petition at 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner also filed an amended petition with additional detail and medical records citations on July 19, 2021. ECF No. 10.

After concluding that, based upon the record as it currently stood, I could not find that Petitioner provided sufficient evidence to meet the Vaccine Act's six-month severity requirement, I issued an order directing Petitioner to show cause why her claim should not be dismissed. Order to Show Cause, issued Feb. 21, 2023, at 3, ECF No. 21; *see* Section 11(c)(1)(D)(i) (Vaccine Act's six-month severity requirement). Specifically, the current record supported findings that Petitioner's SIRVA injury resolved within a month of vaccination, and that her left shoulder pain was unrelated to her vaccination, differed in nature, and was likely due to an intervening event (a fall) suffered in late July 2020. *Id.* at 1-2.

On February 22, 2023, Petitioner moved for a decision dismissing her petition. ECF No. 22. In the motion, Petitioner acknowledged that "she will be unable to prove that she is entitled to compensation under the Vaccine Program" (*id.* at ¶ 1) and "to proceed any further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program" (*id.* at ¶ 2). Petitioner expressed her understanding that "a decision by the Special Master dismissing her Petition will result in a judgment against her . . . [and] will end all of her rights in the Vaccine Program." *Id.* at ¶ 3. She indicated that she "intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action." *Id.* at ¶ 5.

To receive compensation under the Program, Petitioner must prove that she received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that she suffered the residual effects of her injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered the residual effects of her alleged SIRVA injury for more than six months. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's motion is GRANTED. Petitioner's claim for compensation is DENIED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master